August Elbert, Respondent, *v.* Theodore Haebler et al., Appellants.

1. Arbitration — When Settlement of Accounts between the Parties will not be Disturbed. Prior settlements of accounts between the parties to an arbitration, made upon the basis that certain transactions had been closed without loss and which on the hearing were not asked to be opened by either party, cannot be disturbed by allegations that there are outstanding unliquidated claims asserted by third parties, pending and undetermined at the time of the arbitration, which, if established, would necessarily reduce the amount due to the plaintiff, and the refusal of the arbitrators to hear or consider such allegations is proper.

2. Arbitration — Evidence. The mere computation, after the close of the evidence, of a claim submitted to arbitration is not new evidence, and its reception constitutes no ground for setting aside the award.

*Elbert* v. *Haebler*, 78 Hun, 616, affirmed.

(Argued April 21, 1896; decided May 1, 1896.) ·

Appeal from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 18, 1894, which affirmed a judgment in favor of plaintiff entered upon an order of Special Term confirming an award of arbitrators and bringing up for review an order denying a motion to vacate the same.

The facts, so far as material, are stated in the opinion.

*Richard L. Sweezy* for appellants. The arbitrators are chargeable with conduct amounting to a refusal to hear evidence on the part of defendants, pertinent and material to the controversy. (Code Civ. Pro. § 2374; *Halstead* v. *Seaman*, 82 N. Y. 27; *Jones* v. *Welwood*, 71 N. Y. 208; *In re Martin*, 1 How. [U. S.] 28; *Morewood* v. *Jewett*, 2 Robt. 496.) The arbitrators were guilty of further misconduct, in that they did receive, on the part of the plaintiff, after the closing of the hearing, evidence materially increasing plaintiff's claim. (*Knowlton* v. *Mickles*, 29 Barb. 465; *N. Bank of Republic* v. *Darragh*, 30 Hun, 29; *Fudickar* v. *G. M. L. Ins. Co.*, 62 N. Y. 392; *Jones* v. *Welwood*, 71 N. Y. 208; *Ott* v. *Schroeppel*, 5 N. Y. 482.)

*Robert B. Honeyman* for respondent. The order confirming the award was properly made. (Code Civ. Pro. § 2373.) The order denying the motion to vacate the award is not before the court for review upon this appeal. (Code Civ. Pro. §§ 2373–2375; *In re Poole* v. *Johnston*, 32 Hun, 215.) The award is valid and must be sustained. (*Sweet* v. *Morrison*, 116 N. Y. 19; Code Civ. Pro. § 2374, sub. 4; *Fudickar* v. *G. M. L. Ins. Co.*, 62 N. Y. 392.)

HAIGHT, J. The appellants complain of the order refusing their motion to vacate the award. They assert that the arbitrators are chargeable with misconduct in refusing to hear and consider evidence on their part pertinent and material to the controversy; and in receiving and considering evidence on the part of the plaintiff after the closing of the hearings materially increasing the plaintiff's claim.

The matter in controversy grew out of a contract between the plaintiff and defendants by which the plaintiff had agreed to manage the cotton seed oil department of the defendants' business for thirty-five per cent of the net profits, to be computed half yearly, to wit, on the first day of July and the first day of January in each year, the defendants guaranteeing that the plaintiff's profits would amount to one hundred and

fifty dollars per month. The contract originally was for one year, but it had been continued from year to year for several years. On the 12th day of January, 1892, a balance was struck showing a profit of $3,322.26, of which $1,162.79 was credited to the plaintiff. On December 3rd, 1892, another balance was made showing a profit of $9,300, of which $3,255 was credited to the plaintiff, and on the 26th of January, 1893, another balance was entered showing a profit of $9,000, of which $3,150 was credited to the plaintiff. It is claimed by defendants that the last balance was only estimated and that the business during the year resulted in a loss exceeding that amount. The principal question submitted to the arbitrators pertained to this claim. The evidence taken by them is not before us and we consequently have no means of judging as to the merits of their award.

At the time of the settlement of January 12th, 1892, there was included a transaction with the Cochrane Cotton Oil Company. Subsequently a dispute arose with that company with reference to the transaction which resulted in a suit being brought against the defendants which at the time of the arbitration was pending undetermined. At the settlement of December 3rd, 1892, there was included a transaction with one Sanchez, who subsequently made a claim against the defendants for damages for breach of contract and threatened suit, and the claim still remains unsettled. It is claimed on behalf of the defendant Haebler, that on the final hearing before the arbitrators he was proceeding to give evidence in reference to the two matters above mentioned, when he was interrupted by the arbitrators and told that he could incorporate the matters in the brief which they asked him to submit; that he acquiesced relying upon the understanding that he might present the facts pertaining to such claims in writing. It is also contended that the defendants did furnish to the arbitrators a written brief in which the facts pertaining to these claims were stated, but that the arbitrators refused to consider the facts set forth therein for the reason that they were not proven upon the trial.

44

Assuming the defendants' claim to be correct in every particular, we are unable to see how the arbitrators could have done otherwise with the claims. They were still pending undetermined and unsettled. They were in good faith embraced in former settlements between the plaintiff and defendants which were not asked to be opened by either party in this controversy. Those settlements cannot be disturbed until one of the parties thereto has some complaint to make with reference thereto. As yet the defendants have suffered nothing. If judgment subsequently goes against them, they then may have a good claim against the plaintiff for contribution. Equity in such a case has power to open a settlement between the parties.

It is also contended that the arbitrators were guilty of misconduct in permitting the plaintiff to change his figures in submitting his brief. It appears he was figuring out his claim before the arbitrators when the evidence was closed, and that he then asked leave to figure it over and correct his figures if he found an error. There was no harm in this. The figures were not new evidence. The arbitrators could figure for themselves and it was their duty to do so to the extent of seeing that the computations were correct.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.